IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN LEIGH NASH,          § <br>     Petitioner,          § <br>               § <br> v.          § <br>               § <br> DOUGLAS DRETKE, DIRECTOR,          § <br> TEXAS DEPARTMENT OF CRIMINAL          § <br> JUSTICE, CORRECTIONAL INSTITUTIONS  § <br> DIVISION,          § <br>     Respondent.          § | Civil Action No. 4:06-CV-0012-A |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Steven Leigh Nash, TDCJ # 00801506, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. Factual and Procedural History

In 1996, Nash was charged by five separate indictments with aggravated sexual assault of a child (Case Nos. 0619202D and 0619211D) and indecency with a child (Case Nos. 0619387D, 0619401D and 0619390D), in the Criminal District Court Number One of Tarrant County, Texas. On July 28, 1997, Nash entered open pleas of guilty to the charges in the indictments, and, on July 31, 1997, he was sentenced by the state trial court. (1State Habeas R. at 57-63; 2State Habeas R. at 60-66; 3State Habeas R. at 59-65; 4State Habeas R. at 60-66; 5State Habeas R. at 59-65.)[1] Nash did not directly appeal his convictions or sentences. (Petition at 3.) On February 24, 2004, Nash filed five applications for writ of habeas corpus in state court, one for each case, raising the ineffective assistance claims now presented, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on December 15, 2004. *Ex parte Nash*, Application Nos. 60,157-01 through 60,157-05, at covers. Nash filed this federal petition for writ of habeas corpus on January 4, 2006. As ordered, Dretke has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Nash has filed a reply.

D. Issues

Nash raises one ground for relief in which he asserts various instances of ineffective assistance of counsel. (Petition at 7.)

E. Statute of Limitations

Dretke argues that Nash's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 1-5.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.

---

[1] "1State Habeas R.," "2State Habeas R.," "3State Habeas R.," "4State Habeas R.," and "5State Habeas R.," refer to the records for Nash's state habeas Application Nos. 60,157-01 through 60,157-05, respectively.

28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, the judgments of conviction became final and the one-year limitations period began to run upon expiration of the time that Nash had for filing timely notices of appeal on September 1, 1997,[3] and closed one year later on September 1, 1998, absent any

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Nash's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Nash's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

[3]August 30, 1997, was a Saturday.

applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Nash's state habeas applications, filed on February 24, 2004, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Nash demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Nash avers that he only found out in 2001 that he could attack his convictions through the use of writs. (Pet'r Reply at 2.) However, mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Nor does a claim of actual innocence. *See Felder*, 204 F.3d at 171.

Nash's federal petition filed on January 4, 2006, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Nash's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 10, 2006. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 10, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 19, 2006.

/s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE